IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| E & N ENTERPRISES, LLC, | ) | CV F 06 1163 AWI LJO |
| | ) | |
| Plaintiff, | ) | PRETRIAL ORDER |
| v. | ) | |
| | ) | Motions In Limine Hearing and |
| CALICHE'S, INC., et al., | ) | Trial Confirmation: |
| | ) | May 5, 2008 |
| Defendants. | ) | 1:30 p.m., Courtroom 2 |
| _____ | ) | |
| | ) | Trial:  May 13, 2008 |
| AND RELATED CROSS-CLAIMS | ) | 8:30 a.m., Courtroom 2 |
| _____ | ) | |
| | | RULES OF CONDUCT |

The pretrial conference was held on April 2, 2008.   The trial in this matter is set for May 13, 2008.  The parties currently estimate that the trial shall take three to five days.

**I.     Jurisdiction and Venue**

Jurisdiction and venue are proper in this court.  Jurisdiction exists pursuant to 28 U.S.C. § 1332 (diversity).  There is no dispute between the parties concerning jurisdiction or venue.

**II.   Jury Trial**

_____All parties demand a jury trial.

**III.**     **Facts**

   **A.**     **Undisputed Facts**

   1.     On or about June 7, 2004, Caliche's, Inc. ("CALICHE'S") and E & N Enterprises, LLC ("E&N") entered into a Franchise Agreement for the operation of a frozen custard restaurant at 5420 North Blackstone, Fresno, California.

   2.     Plaintiff was required to pay a franchise fee of $50,000, and pursuant to the terms of the parties' Franchise Agreement was to pay 4% of gross sales by Plaintiff to CALICHE'S, INC.

   3.     The Franchise Agreement required the following:

      a..     That CROSS-DEFENDANTS make royalty payments to CALICHE'S pursuant to Paragraph 3.D of the Franchise Agreement;

      b.     CROSS-DEFENDANTS to submit financial reports as required by Paragraph 4.A of the Franchise Agreement;

      c.     CROSS-DEFENDANTS to comply with the prescribed standards and policies for the System as required by Paragraph 1.C;

      d.     CROSS-DEFENDANTS are not to open a new unit which would be in violation of Paragraph 2.A;

      e.     CROSS-DEFENDANTS to pay royalty fees to CALICHE'S on time on all gross receipts and pay interest on all past due royalty fees;

      f.     CROSS-DEFENDANTS to provide the fiscal year-end reports required by Paragraph 4.A, and provide copies of tax returns as required by Paragraph 4.A;

      g.     CROSS-DEFENDANTS to complete initial training as required by Paragraph 7.A;

      h.     CROSS-DEFENDANTS to pay for additional training, as required by Paragraph 7.B;

      i.     CROSS-DEFENDANTS to complete the new-manager training that

2

Caliche's required pursuant to Paragraph 7.C;

j.    CROSS-DEFENDANTS to satisfy the requirements for grand opening advertising and ongoing advertising as described in Paragraphs 9.A and 9.B;

k.    CROSS-DEFENDANTS to comply with the System, as described in Paragraphs 10.A (daily operations), 10.E (hours of operation), 10.F (adequate supplies and personnel), 10.G (uniforms) and 10.H (food products);

l.    CROSS-DEFENDANTS to provide evidence of insurance renewal as required by Paragraph 11.C;

m.    CROSS-DEFENDANTS prohibited from operating competing interests as provided in Paragraph 14.A;

n.    CROSS-DEFENDANTS to adhere to non-compete prohibition contained in Paragraph 14.B;

o.    CROSS-DEFENDANTS to adhere to prohibition on appropriation of the System contained in Paragraph 14.C;

p.    CROSS-DEFENDANTS to adhere to prohibition on disclosure contained in Paragraph 14.D; and

q.    CROSS-DEFENDANTS to comply with the acknowledgments stated in Paragraphs 31.B (no additional units), 31.C (single location), 31.E (external promises) and 31.K (licensed marks).

4.    On or about January 22, 2004, Norma Fausone ("FAUSONE") and CALICHE'S entered into a written Non-Disclosure and Non-Competition Agreement pursuant to which they agreed upon the terms and conditions under which FAUSONE would receive access to confidential information relating to the operation of a Caliche's Frozen Custard Restaurant.

5.    On or about April 3, 2006, CALICHE'S requested that E&N perform its obligations under the Franchise Agreement.

**B.**     **Disputed Facts**

1.     The total amount E&N paid in surcharges for boxes of custard mix;

2.     Whether Defendants violated California Corporations Code § 31110;

3.     Whether Defendants failed to register the offer with the California Commissioner of Corporations before offering it to Plaintiff;

4.     Whether Defendants made misrepresentations, concealed information, or failed to perform their obligations;

5.     Whether Defendants violated Corporations Code § 31110;

6.     Whether said violation was willful;

7.     The extent of Plaintiff's damages;

8.     Whether at all times mentioned in the Complaint, B. DAVID WORTHAM directly or indirectly controlled CALICHE'S and DANA WORTHAM;

9.     Whether DANA WORTHAM is jointly and severally liable pursuant to Corporations Code § 31302;

10.     Whether Defendants are jointly and severally liable to Plaintiff;

11.     Whether Plaintiff rescinded the Agreement on or about April 11, 2006;

12.     Whether CALICHE'S is authorized to do and is doing business in California;

13.     Whether the matter in controversy exceeds $75,000.00;

14.     The course and scope of agency, employment and/or joint venture, if any, between COUNTER-DEFENDANTS;

15.     Whether CALICHE'S has performed, or was excused from performing, all conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions of the Agreement;

16.     Assuming a breach of the Agreement by E&N, the nature and extent of said breach;

17.     The extent of Cross-Complainant's damages;

4

18.     Whether CALICHE'S violated the Franchise Investment Act of the State of California;

19.     Whether E&N breach the implied covenant of good faith and fair dealing with respect to CALICHE'S and the Franchise Agreement;

20.     Whether CALICHE'S is entitled to attorney's fees with respect the Cross-Complaint;

21.     Whether FAUSONE opening a competing frozen yogurt store was a breach of a Non-Competition Agreement between FAUSONE and CALICHE'S;

22.     The extent of Defendant's damages from FAUSONE opening a frozen yogurt store;

23.     Whether CALICHE'S is entitled to terminate the Franchise Agreement because of E&N's alleged conduct;

24.     Whether E&N has a right to operate a CALICHE'S franchise;

25.     Whether the Franchise Agreement should be terminated through a declaratory judgment;

26.     Whether CALICHE'S will suffer great and irreparable injury unless E&N and FAUSONE are enjoined and restrained by order of the Court from engaging in their activities;

27.     Whether CALICHE'S has no adequate remedy at law for the injuries currently being suffered.

28.     In or about June of 2004, FAUSONE opened a frozen custard restaurant at 785 West Herndon Avenue, in Clovis, California, with a menu similar to that of the CALICHE'S franchise operated by E&N, but utilizing the name California Frozen Custard or, alternatively, "Calli's."

### C.     Disputed Evidentiary Issues

#### a.      Disputed Evidentiary Issues Anticipated by PLAINTIFF

5

1   PLAINTIFF presently anticipates the following evidentiary issues.  PLAINTIFF

2   reserves objections on evidence DEFENDANTS may try to submit into evidence.

3

4   **b.   Disputed Evidentiary Issues Anticipated by DEFENDANTS**

5   1.   Preclude any party from arguing or introducing any oral or written

6   evidence or testimony concerning any settlement offers or negotiations between the parties or

7   their attorneys.

8   2.   Preclude any argument, testimony or evidence of CALICHE'S alleged

9   failure to register the franchise offer with the California Commissioner of Corporations before

10  offering it to E&N.

11  3.   Preclude any argument, testimony or evidence of

12  CROSS-DEFENDANTS'.

13  4.   Preclude any mention or evidence concerning any other litigation

14  involving any of the DEFENDANTS.

15  5.   Exclude non-party witnesses from the courtroom before they testify and

16  are excused as witnesses.

17  6.   Exclude mention of the wealth of the parties.

18  7.   Exclude all evidence, documents or witnesses (lay and expert) not

19  disclosed by PLAINTIFF in discovery, including but not limited to any evidence, argument  and

20  testimony related to documents first disclosed and produced on February 23, 2008

21  (OA00254-289) and February 25, 2008.

22

23  **D.   Special Factual Information**

24  The special factual information required by Local Rule 16-218(6) is specified above,

25  where appropriate, in either the undisputed facts or disputed factual issues sections.  (See, supra,

26  Sections III and IV).  Additional factual information is provided below in connection with the

27

28  6

parties respective sections concerning Points of Law.

## IV.     Relief Sought

### A.       Relief Sought by PLAINTIFF

The following is a concise summary of the damages that PLAINTIFF seeks: Return of all franchise fees paid to DEFENDANTS, damages and attorney fees.

### B.       Relief Sought by CALICHE'S

For damages to be determined at trial due to CROSS-DEFENDANTS' breaches of the Franchise Agreement and Non-Disclosure and Non-Compete Agreement, which CALICHE'S believes exceeds $2,500 per month.  Moreover, CALICHE'S also seeks an award of its contractual attorneys fees pursuant to the written agreements in this action.

## V.     Points of Law

### A.      Plaintiff's Contentions

DEFENDANTS willfully offered and sold the franchise to PLAINTIFF in violation of Corporations Code §§ 31110, 31119, 31200 and 31202.  DEFENDANTS are subject to rescission and damages pursuant to Corporations Code §§ 31300 and 31302.

### B.      Defendants' Contentions

<u>Breach of Franchise Agreement</u>

As part of the Franchise Agreement between CALICHE'S and PLAINTIFF, there was implied under California law a covenant of good faith and fair dealing, which required that PLAINTIFF act in good faith toward and deal fairly with CALICHE'S, and further that PLAINTIFF refrain from doing anything that would injure the right of CALICHE'S to receive the benefits of the Franchise Agreement and to do every act reasonable, fair and necessary to

1 | accomplish the purposes of the Franchise Agreement.

2 |     PLAINTIFF breached the implied covenant of good faith and fair dealing by engaging in

3 | the conduct alleged above herein.  As a direct and proximate result of said breaches of the

4 | implied covenant of good faith and fair dealing, CALICHE'S has suffered damages.

5 |     <u>Breach of Non-Disclosure and Non-Competition Agreement</u>

6 |     On or about January 22, 2004, CROSS-DEFENDANT FAUSONE and CALICHE'S

7 | entered into a written Non-Disclosure and Non-Competition Agreement pursuant to which they

8 | agreed upon the terms and conditions under which CROSS-DEFENDANT FAUSONE would

9 | receive access to confidential information relating to the operation of a Caliche's Frozen Custard

10 | Restaurant.  CALICHE'S has performed all conditions, covenants and promises required on its

11 | part to be performed in accordance with the terms and conditions of the Non-Competition

12 | Agreement except to the extent that the performance of such conditions, covenants and promises

13 | was excused by virtue of the acts, omissions and/or conduct of FAUSONE.

14 |     In or about June of 2004, FAUSONE breached the Non-Competition Agreement by

15 | opening a frozen custard restaurant at 785 West Herndon Avenue, in Clovis, California, with a

16 | menu similar to that of the CALICHE'S franchise operated by PLAINTIFF, but utilizing the

17 | name California Frozen Custard or, alternatively, "Calli's."  As a result of FAUSONE's breach

18 | of the Non-Competition Agreement, CALICHE'S has been damaged in an amount which has not

19 | yet been fully ascertained but which CALICHE'S is informed and believes exceeds $2,500 per

20 | month commencing with the opening of the frozen custard restaurant in violation of the

21 | Non-Competition Agreement and continuing thereafter.

22 |     <u>CALICHE'S Did Not Violate any Laws or the Franchise Agreement</u>

23 |     Contrary to any allegations by PLAINTIFF, CALICHE'S did not violate any laws by

24 | willfully failing to register the franchise offer with the California Commissioner of Corporations

25 | before offering it to E&N.  Moreover, assuming the same is somehow true, PLAINTFF has failed

26 | to point to any resulting damages sustained from said failure.  During the deposition of NORMA

27 |

28 | 8

FAUSONE, the PMK of PLAINTIFF, and PLAINTIFF's managing owner, she was unable to identify any damages which were the result of CALICHE'S alleged failure to offer.  During the pre-trial conference in this matter, CALICHE'S has invited PLAINTIFF's counsel to identify what these alleged damages were, and how they correlate to the alleged failure to offer.

## Attorneys' Fees and Costs

The Franchise Agreement provides that in the event litigation is required to enforce the terms thereof, the prevailing party is entitled to its costs and reasonable attorneys' fees.  As a direct and proximate result of PLAINTIFF's and COUNTER-DEFENDANTS' breach of the Franchise Agreement, CALICHE'S has been required to obtain the legal services of McCormick, Barstow, Sheppard, Wayte & Carruth, LLP and is, therefore, entitled to its costs and reasonable attorneys' fees in an amount according to proof as against COUNTER-DEFENDANTS.

## VI.   Abandoned Issues

The parties are aware of no abandoned issues, nor do they currently intend to abandon any issues.

## VII.   Witnesses

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses.  NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 16-281(b)(10).

### A.   Plaintiffs' Witnesses

1.   Paul Fausone;

2.   Norma Fausone;

3.   Ernest Flores; and

9

4.      Maria Flores


**B.      Defendants' Witnesses**

1.      B. David Wortham, CEO of Caliche's Inc. Caliche's Inc., 131 Roadrunner Parkway, Las Cruces, NM 88011;

2.      Don Ettinger, Caliche's Inc. Business Consultant, Caliche's Inc., 131 Roadrunner Parkway, Las Cruces, NM 88011;

3.      Dana Wortham, officer of Caliche's Inc., Caliche's Inc., 131 Roadrunner Parkway, Las Cruces, NM 88011;

4.      Ernest A. Flores, President of E&N Enterprises, LLC, E&N Enterprises, LLC, 1021 W. Magill Ave., Fresno, CA 93711;

5.      Cross-Defendant Norma Fausone;

6.      Justin A. Horwitz, Caliche's, Inc.'s counsel with respect to Franchise Registration, Sutin Thayer & Browne, 6565 Americas Parkway, N.E., Suite 1000, Albuquerque, NM 87110; and

7.      Jeannie E. Tanaka, Corporations Counsel, California Department of Corporations, 320 West 4th Street, Suite No. 750, Los Angeles, California 90013-2344


**VIII.   Exhibits**

The following is a list of documents or other exhibits that the parties expect to offer at trial.  NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 16-281(b)(11).

**A.      Plaintiffs' Exhibits**

1.      Non-Disclosure and Non-Competition Agreement

2.      General Agreement dated January 31, 2003

3.      January 17, 2006 letter to Ms. Fausone from Caliche's

4.      April 11, 2006 letter to Caliche's legal counsel from Lescoulie

5.      Caliche's Franchise Registration Application

6.      March 19, 2004 letter from Caliche's legal counsel fo Department of Corporation

7.      Franchise Offering Circular

8.      Order Declaring Effectiveness of Registration with Transmittal letter

9.      December 30, 2003 letter to Department of Corporation


**B.      Caliche's Exhibits**

1.      Agreement between Caliche's Inc. and E&N Enterprises dated June 21, 2004 (Bates Nos. C 00013 through C 00014) [Fausone Depo. Ex. C]

2.      Caliche's Franchise Agreement dated June 7, 2004 [Bates No. C 00015 through C 00039] [Fausone Depo. Ex. C]

3.      Caliche's Franchise Offering Circular dated May 24, 2004 [Bates Nos. C 00040 through C00041] [Fausone Depo. Ex. C]

4.      Information for Prospective Franchisees Required by Federal Trade Commission Bates Nos. C 00042 through C 00046] [Fausone Depo. Ex. C]

5.      Letter from Jay Rosenblum to Donald P. Lescoulie requesting to perform obligations under the Franchise Agreement dated April 3, 2006 (Bates Nos. C 00047 through C 00048) [Fausone Depo. Ex. C]

6.      Non-Disclosure and Non-Competition Agreement between Norma A. Fausone and Caliche's Inc. dated January 22, 2004 [Bates Nos. C 00049 through C 00051] [Fausone Depo. Ex. C]

7.      General Agreement between Dr. Ernesto Flores and Spanky's Inc. dated January 31, 2003 [Fausone Depo. Ex. F]

8.      Email from Kevin Conroy to Paul Fausone dated February 4, 2003 re franchise info. [Fausone Depo. Ex. G]

9.      Letter from Don Ettinger, Director of Franchising for Caliche's to Norma Fausone dated January 17, 2006 [Fausone Depo. Ex. H]

10.      Letter from Don Ettinger, Director of Franchising for Caliche's to Norma Fausone dated October 18, 2005 [Fausone Depo. Ex. I]

11.      Letter from Jay D. Rosenblum to Donald P. Lescoulie dated April 3, 2006 [Fausone Depo. Ex. J]

12.      Letter from Donald P. Lescoulie to Jay D. Rosenblum dated April 11, 2006 (Bates No. C 0002) [Fausone Depo. Ex. K]

13.      Facsimile transmission cover sheet from Sarita Nair to David Wortham dated April 12, 2006 attaching letter from Don Lescoulie to Jay Rosenblum dated April 11, 2006 regarding rescinding agreement (Bates Nos. C 00001-C 00002)

14.      E&N Overdue Royalty Actual and Projected Royalty with Late Fee Fresno Store Location April 2006 through July 2006 (Bates Nos. C 00003-C 00007)

15.      Facsimile transmission cover sheet from Sarita Nair to Don Ettinger dated April 6, 2006 attaching letter from Jay Rosenblum to Don Lescoulie dated April 6, 2006 regarding franchise agreement (Bates Nos. C 00008-C 00010)

16.      Letter from Department of Corporations to Justin Horwitz dated May 24, 2004 attaching Order Declaration Effectiveness of Registration for Caliche's Inc.

17.      Letter from Justin Horwitz to California Department of Corporations regarding enclosing California Franchise Registration materials dated December 30, 2003 (Bates Nos. C 00052-C 00053)

18.      California Uniform Franchise Registration Application (Bates No. C 00054)

19.      Supplemental Information (Bates No. C 00055)

20.      Certification signed by Caliche's on December 23, 2003 (Bates No. C 00056)

21.     Uniform Consent to Service of Process dated December 23, 2003 (Bates No. C 00057)

22.     Corporate Acknowledgement dated December 23, 2003 (Bates No. C 00058)

23.     State of California Sales Agent Disclosure Form (Bates No. C 00059)

24.     Consent of Independent Accountants dated December 24, 2003 (Bates No. C 00060)

25.     Scoopy's Inc. Complied Financial Statements for Years ended December 31, 2001 and 2002 (Bates Nos. C 00061- C 00064)

26.     Caliche's Franchise Offering Circular received by Department of Corporations on December 31, 2003 (Bates Nos. C 00065- C 00066)

27.     Information for Prospective Franchisees Required by Federal Trade Commission (Bates Nos. C 00067- C 00115)

28.     Caliche's Franchise Agreement [blank] (Bates Nos. C 00116- C 00140)

29.     Agreement between Caliche's and Food Service Concept, Inc. received by Department of Corporations on December 31, 2003 (Bates Nos. C 00141- C 00145)

30.     AIA Document A101-1997 Standard Form of Agreement between Owner and Contractor dated June 24, 2003, Contractor Food Service Concepts, Inc. (Bates Nos. C 00146- C 00155)

31.     Letter from Kevin E. Killham of Food Service Concepts, Inc. to Brian Padilla regarding Caliche's dated October 22, 2003 (Bates Nos. C 00156- C 00157)

32.     Caliche's Inc. Non-Disclosure and Non-Competition Agreement (blank) (Bates Nos. C 00158- C 00160)

33.     Franchise Operating Manual (not complete) Table of Contents (Bates Nos. C 00161- C 00165)

34.     Certificate of Amendment of Caliche's Inc. from Office of the Public Regulation Commission dated July 18, 2003 (Bates No. C 00166)

13

35.     Articles of Amendment of Scoopy's Inc. dated July 1, 2003 (Bates No. C 00167)

36.     Letter from New Mexico Public Regulation Commission to Sutin, Thayer & Browne regarding approving Articles of Amendment dated July 22, 2003 (Bates No. C 00168)

37.     Caliche's Inc. Reviewed Financial Statements for year December 31, 2003 (Bates Nos. C 00169- C 00176)

38.     Letter from William P. Wood to Justin Horwitz regarding Caliche's Inc dated January 23, 2004 (Bates Nos. C 00177- C 00179)

39.     Letter from William Wood of Department of Corporations to Justin Horwitz regarding comments to application dated March 3, 2004 (Bates Nos. C 00180- C 00186)

40.     Letter from Justin A. Horwitz to Jeannie Tanaka of California Department of Corporations dated March 19, 2004 (Bates Nos. C 00187-C 00188)

41.     Caliche's Franchise Offering Circular (red lined version) received by Department of Corporations on March 22, 2004 (Bates Nos. C 00189-C 00243)

42.     Caliche's Franchise Offering Circular (Bates Nos. C 00244-C 00295)

43.     Email from Jeannie Tanaka to Mr. Horwitz regarding Caliche's dated March 26, 2004 and facsimile transmission sheet (Bates Nos. C 00296-C 00297))

44.     Letter from Justin Horwitz to Jeannie Tanaka re audited financial statements dated April 1, 2004 (Bates Nos. C 00298-C 00299)

45.     Consent of Independent Accountants dated March 31, 2004 (Bates No. C 00300)

46.     Letter from Justin Horwitz to Jeannie Tanaka dated May 5, 2004 attaching (1) 2004 financial statements and (2) Caliche's Franchise Offering Circular (Bates Nos. C 00301-C 00362)

47.     Email from Jeannie Tanaka to jah@sutinfirm.com regarding Caliche's dated April 13, 2004 and facsimile transmission sheet (Bates Nos. C 00363-C 00364)

48.     Email from Jeannie Tanaka to jah@sutinfirm.com regarding Caliche's dated May 13, 2004 and facsimile transmission sheet (Bates Nos. C 00365-C 00367)

49.     Email from Jeannie Tanaka to jah@sutinfirm.com regarding Caliche's dated April 14, 2004 and facsimile transmission sheet (Bates Nos. C 00368-C 00369)

50.     Facsimile from Justin Horwitz to Jeannie Tanaka dated May 17, 2004 attaching Caliche's Reviewed Financial Statements for 2004 (Bates Nos. C 00371-C 00380)

51.     Consent of Independent Accountants dated May 18, 2004 (Bates No. C 00381)

52.     Caliche's Reviewed Financial Statements for 2003 (Bates Nos. C 00382-C 00390)

53.     Order Declaring Effectiveness of Registration for Caliche's Inc. dated May 24, 2004 (Bates No. C 00391)

54.     Letter from Jeannie Tanaka to Justin Horwitz enclosing Order (Bates No. C 00392)

55.     Facsimile from Justin Horwitz to Jeannie Tanaka dated May 19, 2004 attaching Redlined Franchise Offering Circular (Bates Nos. C 00393-C 00395)

56.     All deposition transcripts in this matter.

57.     All unnamed and named exhibits attached to depositions taken in this matter.

58.     All documents, items and things produced by the parties in response to written discovery in this matter.

59.     Various photographs and enlargements.

60.     All records subpoenaed from any source in this matter.

**IX.**     **Discovery Documents To Be Used At Trial (Answers To Interrogatories And Responses To Requests For Admissions**

    **A.**     **Discovery Documents that PLAINTIFF and CROSS-DEFENDANTS Will Use at Trial**

1.     Initial disclosures of all parties; and

2.     Norma Fausone deposition and exhibits thereto.

**B.      Responses to Written Discovery  that CALICHE'S May Use at Trial**

| | Filing Party | Document | Dated |
|---|---|---|---|
| 1 | Caliche's | Initial Disclosures of Defendants Pursuant to Federal Rules of Civil Procedure 26(a)(1) | 1/31/07 |
| 2 | Plaintiff & Counter Defendant E & N Enterprises & Norma Fausone | Plaintiff's and Counter Defendants' Initial Disclosures | 1/31/07 |
| 3 | Caliche's Inc., B. David & Dana Wortham | Request for Admissions to E & N Enterprises, LLC. [Set One] | 7/30/07 |
| 4 | Caliche's Inc., B. David & Dana Wortham | Request for Production of Documents to E & N Enterprises, LLC. [Set One] | 7/30/07 |
| 5 | Caliche's Inc., B. David & Dana Wortham | Form Interrogatories-General to E. & N Enterprises, LLC. [Set One] | 7/30/07 |
| 6 | Caliche's Inc., B. David & Dana Wortham | Special Interrogatories to E. & N Enterprises, LLC. [Set One] | 7/30/07 |
| 7 | Caliche's Inc., B. David & Dana Wortham | Form Interrogatories –General to Norma A. Fausone, [Set One] | 7/30/07 |
| 8 | Caliche's Inc., B. David & Dana Wortham | Special Interrogatories to Norma Fausone [Set One] | 7/30/07 |
| 9 | Caliche's Inc., B. David & Dana Wortham | Request for Production of Documents to Norma Fausone, [Set One] | 7/30/07 |
| 10 | Caliche's Inc., B. David & Dana Wortham | Request for Admissions to Norma Fausone, [Set One] | 7/30/07 |
| 11 | Caliche's Inc., B. David & Dana Wortham | Notice of Deposition of the Person Most Knowledgeable of E&N Enterprises, Inc. with Production of Documents | 7/30/07 |

| | Filing Party | Document | Dated |
|---|---|---|---|
| 12 | Caliche's Inc., B. David & Dana Wortham | Notice of Deposition of Norma Fausone with Production of Documents | 7/30/07 |
| 13 | E & N Enterprises, LLC. | Responses to Defendants and Counter-Claimants' Request for Production of Documents, [Set One] | 9/13/07 |

**X.**    **Further Discovery or Motions**

The Parties are not presently aware of any pending discovery disputes.

**XI.**    **Stipulations**

The Parties agree that a stipulation to the authenticity of documentary evidence will further the efficient resolution of this case.  The Parties further propose that the Parties should address and deal with evidentiary objections before trial begins.

**XII.**    **Amendments/Dismissals**

The Parties have no amendments or dismissals at this time.

**XIII.**    **Settlement Negotiations**

The Parties have not had any meaningful settlement discussions to date, however, believe that a mandatory settlement conference would benefit all involved.

**XIV.**    **Agreed Statement**

The parties are directed to file a joint statement of the case by May 8, 2008.

**XV.**    **Separate Trial Of Issues**

The Parties do not request the separate trial of any issue or issues presented in this action.

**XVI.**    **Impartial Experts - Limitation Of Experts**

The Parties do not believe it advisable for this Court to appoint an impartial expert, and, therefore, make no recommendation for the appointment of such an expert.

17

## XVII.  Attorneys' Fees

The Parties will seek contractual attorneys fees by way of a post-trial motion should either respectively prevail on any claim arising out of the Franchise Agreement.

## XVIII. Further Trial Preparation

### A.      Final Witness List

The parties are ordered to file and serve their final list of witnesses by May 8, 2008. Additionally, at that time Plaintiffs shall disclose the order of witnesses so that Defendants will be prepared for cross-examination.

Except upon the showing set forth above in section VII, a party may not add witnesses to the final list of witnesses, or to any other updated witness list, who are not disclosed in this Order in Section VII.

### B.      Trial Briefs

The parties are directed to file and serve a Trial Brief by 4:00 p.m. on April 24, 2008. Local Rule 16-285.  The parties need not include in the Trial Brief any issue that is adequately addressed in a motion in limine, or in an opposition brief to a motion in limine.  Any response to a Trial Brief shall be filed and served by 4:00 p.m. on May 1, 2008.

### C.      Duty of Counsel to Pre-Mark Exhibits

The parties are ordered to confer no later than April 11, 2008 for purposes of pre-marking and examining each other's exhibits.  All joint exhibits must be pre-marked with numbers preceded by the designation JT/-- (e.g., JT/1, JT/2).  All of Plaintiffs' exhibits shall be pre-marked with numbers.  All of Defendants' exhibits shall be pre-marked with letters.

1.      Counsel shall create four (4) complete, legible sets of exhibits in binders as follows:

(a)      Two sets of binders to be delivered to Courtroom Clerk Harold Nazaroff by May 8, 2008, one for use by the Courtroom Clerk and the other for the court; and

(b)      One set for each counsel's own use.

If the parties desire, they may have a fifth set of binders to be used for the purposes of questioning witnesses.

2.      Counsel are to confer and make the following determination with respect to each proposed exhibit to be introduced into evidence, and to prepare separate indexes - one listing joint exhibits, and one listing each party's separate exhibits:

(a)      Duplicate exhibits, i.e., documents which both sides desire to introduce into evidence, shall be marked as a joint exhibit, and numbered as directed above.  Joint exhibits shall be listed on a separate index, and shall be admitted into evidence on the motion of any party, without further foundation.

(b)      As to exhibits that are not jointly offered, and to which there is no objection to introduction, those exhibits will likewise be appropriately marked, e.g., Plaintiffs' Exhibit 1 or Defendants' Exhibit A, and shall  be listed in the offering party's index in a column entitled "Admitted In Evidence."  Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

(c)      Those exhibits to which the only objection is a lack of foundation shall be marked appropriately, e.g., Plaintiffs' Exhibit 2 - For Identification, or Defendants' Exhibit B - For Identification, and indexed in a column entitled "Objection Foundation."

19

(d)      Remaining exhibits as to which there are objections to admissibility not solely based on a lack of foundation shall likewise be marked appropriately, e.g., Plaintiffs' Exhibit 3 - For Identification or Defendants' Exhibit C - For Identification, and indexed in a third column entitled "Other Objection" on the offering party's index.

3.      Each separate index shall consist of the exhibit number or letter, a brief description of the exhibit, and the three columns outlined above, as demonstrated in the example below:

INDEX OF EXHIBITS

| EXHIBIT # | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|---|---|---|---|---|

Two sets of the completed joint index and the separate indexes shall be delivered to the Courtroom Clerk with the two sets of binders.

The court has no objection to counsel using copies.  However, the copies must be legible.  If any document is offered into evidence that is partially illegible, the court may sua sponte exclude it from evidence.

**D.      Discovery Documents**

By May 8, 2008, each party shall file a list of all discovery documents the party intends to use at trial.  The list shall indicate whether each discovery document has previously been lodged with the Clerk.  If the discovery document has not been previously lodged, the party shall so lodge the document with the Courtroom Clerk by May 8, 2008.

**E.      Motions In Limine Hearing and Briefing Schedule**

20

The hearing for motions in limine will be held on May 5, 2008 at 1:30 p.m.  In addition to addressing any filed motions in limine, at that time the court will also settle, to the extent possible, any other matter pertaining to the conduct of the trial.

Counsel are expected to be fully cognizant of the legal issues involved in the case by the date of the hearing for motions in limine.

By 4:00 p.m. on April 18, 2008, all motions in limine, with supporting points and authorities, shall be filed and served either personally or by facsimile upon opposing counsel.

By 4:00 p.m. on April 28, 2008, opposition to any motion in limine shall be filed and served either personally or by facsimile upon opposing counsel.  If a party does not oppose a motion in limine, that party shall file and serve in the same manner a Statement of Non-Opposition to that motion in limine.

By 4:00 p.m. on May 1, 2008, any reply to an opposition shall be filed and served either personally or by facsimile upon opposing counsel.  Because the court will need time to prepare for the hearing on May 5, 2008, the court is not inclined to consider late reply briefs.

**F.**    **Morning Conferences During Trial**

During the trial, it is the obligation of counsel to meet with the court each morning to advise the court and opposing counsel as to what documents are proposed to be put into evidence that have not previously been admitted by stipulation, court order, or otherwise ruled upon.  The court will rule on those documents, to the extent possible, prior to the commencement of trial each day out of the presence of the jury.  If the ruling depends upon the receipt of testimony, the court will rule as requested upon the receipt of such testimony.

The court shall consider any other legal matter at morning conferences as well. The court does not wish to recess the trial to hear legal argument outside of the presence of the jury, and proper preparation by counsel will eliminate the need for that result.

### G.   Order Of Witnesses

In order to make the trial operate efficiently and smoothly, each counsel has the continuing obligation to advise opposing counsel as to what witnesses he or she intends to call at each trial session.

## XIX.   Objections to Pretrial Order

Any party may, within ten (10) calendar days after the date of service of this order, file and serve written objections to any of the provisions of this order.  Local Rule 16-283.  Such objection shall specify the requested corrections, additions or deletions.

## XX.   Rules of Conduct During Trial

### A.   General Rules

1.  All participants in the trial shall conduct themselves in a civil manner.  There shall be no hostile interchanges between any of the participants.

2.  All oral presentations shall be made from the podium, unless otherwise permitted by the court.

3.  Sidebar conferences are discouraged.  Legal arguments or discussion of issues outside the presence of the jury should be done during recesses.

4.  Counsel shall advise their respective clients and witnesses not to discuss any aspect of the case in the common areas of the courthouse accessible to the jurors, such as the lobby, the elevators, the hallways and the cafeteria.

**B.    Jury Selection**

1.  The court will conduct voir dire to be supplemented by any written questions submitted by counsel prior to trial and after the court has concluded its questioning of the jury panel.  Written questions must be submitted by May 8, 2008.  In some circumstances, the court may allow brief direct questioning by counsel.

**C.    Opening Statements**

1.  Counsel may use visual aids in presenting the opening statement.  However, any proposed visual aids shall be shown to opposing counsel before opening statement.

**D.    Case in Chief**

1.  Counsel shall have his/her witnesses readily available to testify so that there are no delays in the presentation of evidence to the trier of fact.

2.  At the close of each trial day, counsel shall disclose his/her anticipated witnesses and order of presentation for the next day, so that any scheduling or evidentiary issues may be raised at that time.

**E.    Witnesses**

1.  Before approaching a witness, counsel shall secure leave of court to approach the witness.

2.  Before approaching a witness with a writing, counsel shall first show the writing to opposing counsel.

**F.      Exhibits**

1.  All exhibits shall be marked and identified in accordance with the instructions in the Pretrial Order.

2.  An exhibit shall not be published to the jury until it has been admitted into evidence and counsel has secured leave of court to publish the exhibit.

3.  The court usually will conduct an on the record review of the exhibits that have been admitted in evidence at the conclusion of each party's case in chief and after each party has rested its entire case.

**G.      Objections**

1.  No speaking objections or arguments are permitted in the presence of the jury. Counsel shall state the specific legal ground(s) for the objection, and the court will rule based upon the ground(s) stated.  The court will permit counsel to argue the matter at the next recess.

2.  The court will not assume that any objection made also implies with it a motion to strike an answer that has been given.  Therefore, counsel who has made an objection, and who also wishes to have an answer stricken, shall also specifically move to strike the answer.

24

### H.    Closing Argument

1.  Counsel may use visual aids in presenting the closing argument.  However, any proposed visual aids shall be shown to opposing counsel before closing argument.

FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THIS ACTION OR ENTRY OF DEFAULT, ON ANY AND ALL COUNSEL AS WELL AS ON ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER.

IT IS SO ORDERED.

**Dated:    April 3, 2008**                            _____/s/ Anthony W. Ishii_____
                                       UNITED STATES DISTRICT JUDGE