# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E &N ENTERPRISES, LLC, ) | NO. 1:06-CV-1163-AWI-GSA |
| ) | |
| Plaintiff, ) | ORDER VACATING MAY 11, |
| ) | 2009 STATUS HEARING AND |
| v. ) | ORDER TO SHOW CAUSE AS |
| ) | TO FAUSONE AND |
| CALICHE'S, INC., et al., ) | CALICHE'S |
| ) | |
| Defendants. ) | |

and related cross-claims.

On July 28, 2006, Plaintiff E&N Enterprises, LLC ("E&N")[1] filed a breach of contract action against Defendant Caliche's Inc.,[2] ("Caliche's"), David Wortham, and Dana Wortham. On September 28, 2006, Defendant and Counter-Claimant, Caliche's filed counter-claims against Counter-Defendants E&N and Norma Fausone[3] ("Fausone") and brought the following causes of action: (1) Breach of Contract as to E&N; (2) Breach of the Covenant of Good Faith and Fair Dealing as to E&N; (3) Breach of Contract-Non-Disclosure & Non-Competition Agreements as to Fausone; (4) Breach of the Covenant of Good Faith and Fair Dealing as to Fausone; (5) Declaratory Relief as to E&N; and (6) Injunctive Relief as to E&N and Fausone.

---

[1] Counter-Defendant E&N is represented by attorney Donald P. Lescoulie.

[2] Counter-Claimant Caliche's is represented by McCormick, Barstow, Sheppard, Wayte, & Carruth LLP attorneys Stephen Carroll and David Emerzian.

[3] Counter-Defendant Fausone is represented by attorney Donald P. Lescoulie.

On May 8, 2008, the court issued an order that held that pursuant to the parties' stipulations: (1) Plaintiff E&N's claims against Defendant Caliche's, David Wortham, and Dana Wortham are hereby dismissed in their entirety with prejudice; and (2) Counter-Claimant Caliche's claims against Counter-Defendant E&N were stayed pending the outcome of Counter-Defendant Fausone's bankruptcy filing. E&N and Caliche's acknowledged that Counter-Defendant Fausone was presently in bankruptcy proceedings and the litigation pending against her was subject to an automatic stay.

The court's May 8, 2008 order concluded: "parties are instructed to file a written status update of the case on or before November 10, 2008 and every 6 months thereafter. A telephonic conference shall be set for November 17, 2008, which may be canceled if unnecessary."

On November 18, 2008 the court issued the following order: "No party filed a status report by November 10, 2008.[4] The court's staff called the attorneys of record and advised that either a status report was needed, a stipulation to continue the stay was needed, or the parties needed to appear at the November 17, 2008 hearing. The parties provided little assistance to the court and did nothing more than to advise the court upon the court's inquiry that the stay needed to be continued. It is unacceptable for parties to fail to file a written report that they not only agreed they would provide but that the court also ordered them to provide." The court noted that given the limited information that the parties provided the court, the court would continue the case until May 11, 2009.

The November 18, 2008 order further held that: "The parties are ORDERED to file a written status report by May 4, 2009. The parties are forewarned that regardless of the status of the case, the parties are obligated to comply with the court's order to at least give the court the status of the case. The parties are FOREWARNED that failure to comply with this order will

---

[4] The court takes notice that additional history of the parties' non-compliance is evidenced by the court's March 26, 2008 minute order, where the court noted that the Joint Pre-Trial Statement was due on March 25, 2008 and was not filed by March 25, 2008. On March 27, 2008, the parties untimely filed a Joint Pre-Trial Statement.

1 | result in sanctions against the attorneys involved."

On May 1, 2009, E&N and Fausone filed its status update as ordered by the court. E&N and Fausone opine that Caliche's should dismiss the counter-claims against Fausone because Fausone's bankruptcy discharge was entered on July 22, 2008.[5]

Although Fausone complied with the court's November 18, 2008 order to file a status report by May 4, 2009, Fausone violated the court's May 8, 2008 order because she did not file a status report on or before November 10, 2008 and inform the court about her July 22, 2008 bankruptcy discharge. Based on Fausone's May 1, 2009 status update, Fausone's bankruptcy discharge was entered on <u>July 22, 2008</u>. Therefore, Fausone presumably was aware of her bankruptcy discharge as early as July 22, 2008. On May 8, 2008, the court agreed to stay Caliche's claims against E&N and Fausone *pending the outcome of Fausone's bankruptcy status*. As such, Fausone was obligated to inform the court at the very least by November 10, 2008 about her bankruptcy discharge. Instead, Fausone waited nearly ten (10) months to inform the court about her bankruptcy discharge and continued to lead the court into believing that a stay was justified with respect to Caliche's claims against E&N and Fausone.

Accordingly, the court is ordering Fausone to show cause why monetary or other sanctions should not be entered against Fausone for failure to file a status update in violation of court orders and for not informing the court about her July 22, 2008 bankruptcy discharge.

Caliche's did not file a status update by May 4, 2009 and is in violation of the court's November 18, 2008 order. Caliche's attorney untimely filed a status update on May 6, 2009. Caliche's status report claims that they are not aware of Fausone's bankruptcy status. The court finds this claim to be suspect in light of Fausone's May 1, 2009 bankruptcy status update, which contains a copy of her July 22, 2008 bankruptcy discharge.

Accordingly, in light of Caliche's violation of court orders, the court is vacating the May 11, 2009 status hearing. Additionally, Caliche's is ordered to show cause why monetary or other

---

[5] Fausone attaches a copy of her July 22, 2008 bankruptcy discharge to her status report.

sanctions should not be entered against Caliche for failing to file a status update by May 4, 2009. The court's November 18, 2008 order clearly provided that: "the parties are FOREWARNED that failure to comply with this order will result in sanctions against the attorneys involved."

Lastly, the court is ordering Caliche's to show cause why Caliche's claims against E&N and Fausone should not be dismissed for failure to prosecute and for failure to comply with the court's May 8, 2008 order and November 8, 2008 order.

**ORDER**

For the reasons discussed above, this court ORDERS:

1. The May 11, 2009 status hearing is VACATED;
2. Caliche's is ordered to show cause why monetary or other sanctions should not be entered against Caliche's attorneys for failure to file a written status report by May 4, 2009;
3. Caliche's is ordered to show cause why its entire action against E&N and Fausone should not be dismissed for failure to prosecute and for violation of court orders;
4. Fausone is ordered to show cause why monetary or other sanctions should not be entered against Fausone's attorney for failure to timely update the court regarding Fausone's July 22, 2008 bankruptcy discharge; and
5. Caliche's is forewarned that Caliche's entire action against E&N and Fausone will be dismissed for failure to obey a court order if Caliche's fails to comply with this order in any way;
6. Caliche's and Fausone are ordered to show cause in writing on or by May 19, 2009; and
7. A hearing on the orders to show cause and a status conference will be held on May 26, 2009 at 3:00 p.m. in Courtroom 2.

IT IS SO ORDERED.

**Dated:   May 7, 2009**              /s/ Anthony W. Ishii
                                      CHIEF UNITED STATES DISTRICT JUDGE

4